[Civ. No. 1400.    Third Appellate District.—July 12, 1915.]

JOHN LAAM, as Supervisor, etc. et al., Respondents, v. W. W. McLAREN et al., as Members of the Board of Supervisors of Del Norte County, Defendants; THOMAS E. PEACOCK, Appellant.

PETITION FOR RECALL ELECTION—INJUNCTION—APPEAL—JURISDICTION OF SUPREME COURT.—A suit for an *injunction restraining defendants as a board of supervisors from calling a special election on a petition demanding the recall of plaintiff as a member of the board of supervisors is one in equity, and an appeal from a restraining order and order to show cause why defendants should not be perpetually enjoined, lies to the supreme court, and the district court of appeal has no jurisdiction thereof.*

APPEAL from a restraining order and order to show cause of the Superior Court of Del Norte County. John L. Childs, Judge.

The facts are stated in the opinion of the court.

Robert W. Miller, for Appellant.

George W. Howe, and J. M. Inman, for Respondents.

THE COURT.—Motion to dismiss preliminary injunction or restraining order.

It appears from the complaint that plaintiff is the duly elected, qualified and acting supervisor of supervisorial district No. 5, in Del Norte County; that a petition has been

presented to the board of supervisors of said county demand-ing the recall of the plaintiff and the election of a successor to the office now held by him; that "said petition does not conform to nor comply with the requirements of section 4021a of the Political Code of the state of California, relative to recall elections" in respect of numerous particulars, spe-cifically set forth in the complaint. Plaintiff prays for an injunction restraining the defendants from calling a special election for the purpose stated in said petition.

The complaint was duly verified on March 8, 1915, and pre-sumably was on that day presented to the court, as on March 8th the judge of the superior court of said county made an order reciting that it satisfactorily appeared to him from the complaint "that there are sufficient grounds for granting a temporary restraining order and an order to show cause why an injunction should not be granted" and "an under-taking having been given by plaintiff herein as required by me, and approved, it is therefore ordered," etc., then follows the restraining order and an order to show cause why de-fendants should not be perpetually enjoined "from ordering or calling a special election to be held," etc.

The defendants appeared by demurrer, which was over-ruled, and they have taken this appeal from the order of March 8th, aforesaid.

The appeal is directly to this court and, as the cause is one cognizable in equity, the jurisdiction is in the supreme court. (Const. art. VI, sec. 4.)

This court is without jurisdiction to determine the motion. The cause is transferred to the supreme court.